# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv318

DAVID WATKINS and MAUREEN WATKINS,

    Plaintiffs,

v.

SOPREMA, INC. and ELASTIKOTE, LLC,

    Defendants.

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court is the Motion to Dismiss [# 8] filed by Defendant Soprema, Inc. ("Defendant"). Plaintiffs brought this action against Defendants Soprema and Elastikote, LLC asserting six causes of action. Defendant moves to dismiss the claims asserted against it in Counts Five and Six. The Court **RECOMMENDS** that the District **GRANT in part** and **DENY in part** the Motion to Dismiss [# 8].

## I.    Factual Background

Plaintiffs are North Carolina residents and the owners of three warehouse buildings located in North Carolina. (Pls.' Compl. ¶¶ 1, 4.) Defendant ElastiKote

is an Ohio limited liability company that manufactures a roofing material known as ElastiKote 1000. (Id. ¶¶ 3, 8.) Defendant Soprema is an Ohio corporation that distributes and sells ElastiKote. (Id. ¶¶ 2, 9.)

In 2009, Plaintiffs decided to repair the roofs on their three warehouses in order to address leaks in the existing roof systems. (Id. ¶ 5.) Plaintiffs contacted the contractor who had previously repaired the roofs, Superior Contracting of Aberdeen, Idaho ("Superior Contracting"). (Id. ¶ 6.) Superior Contracting recommended that Plaintiffs use ElastiKote 1000 on the roof. (Id. ¶ 6.) Subsequently, a representative for Superior Contracting and John Frye, an agent of Defendants, visited the warehouses. (Id. ¶¶ 6-7, 11.) Mr. Frye also recommended that Plaintiffs purchase and install ElastiKote 1000 on the roof. (Id. ¶ 6.) Plaintiffs also received written materials regarding the services provided by Defendant's Field Technical Department to its authorized contractors. (Id. ¶ 10.) Plaintiffs decided to purchase from Defendant the materials and advice necessary to repair the roofs of the warehouses based on the representations in the written materials and the advice of Mr. Frye. (Id. ¶ 12.) These materials included ElastiKote 1000. (Id.)

Defendant represented to Plaintiffs that it would provide the highest quality waterproofing and roofing system, and that Defendant would support Superior Contracting in the appropriate remediation for the roof. (Id. ¶ 10.) Mr. Frye also

represented to an unspecified individual that the remediation efforts would create a watertight and durable roof and that Defendant would issue a ten year warranty against leaks once the project was complete. (Id. ¶19.) Plaintiff alleges that Defendants provided express and implied warranties regarding the ability of ElastiKote 1000 to create a watertight and durable roofing surface for the warehouses. (Id. ¶ 23.)

Prior to undertaking the repair of the roof, Superior Contracting met with Mr. Frye on site. (Id. ¶ 14.) During this meeting, Mr. Frye made specific recommendations and directed Superior Contracting as to how to complete the repair of the roofs. (Id.) Defendants, through their agent Mr. Frye, directed Superior Contracting as to how to repair the three roofs in order to provide the highest quality waterproofing and protect the buildings from water intrusion. (Id. ¶ 15.) Superior Contracting followed the directions, advice, and recommendations of Mr. Frye in repairing the roofs. (Id. ¶¶ 17, 20.)

As to warehouses 1 and 3, Superior Contracting removed the existing delaminated roofing materials and applied ElastiKote 1000. (Id. ¶ 16.) In the areas where the existing roofing materials had not yet delaminated, Superior Contracting applied ElastiKote 1000 over the existing roof. (Id.) As for warehouse 2, Superior Contracting removed the existing roof and then coated the building with ElastiKote

1000. (Id. ¶ 18.)

Less than two years after installing ElastiKote 1000 on the three warehouses, the roofs began to crack and split. (Id. ¶ 22.) This cracking and splitting led to leaks in the roof, as well as the ultimate failure of the roofs. (Id. ¶¶ 21-22.) As a result of the failure of the roofs, Plaintiffs were required to replace or repair the roofs of warehouses 1 and 2 at a cost of $410,000.00. (Id. ¶ 31.) The estimated cost of repairing the roof of warehouse 3 is $365,000.00. (Id.) In addition, the Plaintiffs allege that they have suffered additional damages approaching nearly one million dollars. (Id. ¶ 32.)

Plaintiffs then brought this action against Defendants asserting a number of claims. Relevant to the current Motion to Dismiss are Counts Five and Six, which assert negligence and fraud claims. Specifically, Count Five asserts a claim for negligence against Defendant based on: Defendant's negligence in training, instructing, educating, and selecting Superior Contracting to apply ElastiKote 1000 to the roof; negligent certification of Superior Contracting; the negligence of Defendant's agent in determining the acceptability of the roof substrata to accept and accommodate the repair; Defendant's negligent instructions to Superior Contracting; Defendant's negligent supervision of the application of ElastiKote 1000; and Defendant's negligence in providing instructions and technical support to

Superior Contracting. (Id. ¶¶ 27-29, 50.) Count Six asserts a fraud claim based on the allegedly false written and oral representations. (Id. ¶ 54.) Defendant moves to dismiss the claims asserted against it in Counts Five and Six. Defendant's Motion to Dismiss is now before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiffs. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation

of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee

Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

### III. Analysis

#### A. The Negligence Claim is not Precluded by the North Carolina Uniform Commercial Code and the Products Liability Act

Defendant moves to dismiss the negligence claim on the ground that the claim is precluded by the North Carolina Uniform Commercial Code or the Products Liability Act. Specifically, Defendant asks this Court to adopt the reasoning of the South Carolina Supreme Court in Hitachi Electronic Devices (USA), Inc. v. Platinum Technologies, Inc., 621 S.E.2d 38 (S.C. 2005), and hold that the Uniform Commercial Code and the Products Liability Act comprehensively address a buyer's remedies for breach of warranty and, thus, Plaintiff cannot maintain a common law negligence claim based on the same allegations that form

the basis of the warranty claim. The Court, however, need not address this issue because no such claim is asserted in the Complaint; the Complaint does not assert any negligence action against Defendant based on the failure of the ElastiKote 1000 itself. Rather, the negligence claims asserted in Count Five are based on separate allegations than those that form the basis of the breach of warranty claims. The negligence claims asserted in the Complaint involve alleged negligence on the part of Defendant in certifying, training, and providing instructions to Superior Contracting regarding the installation of ElastiKote 1000. In addition, Plaintiffs allege that Defendant's agent was negligent in instructing Superior Contracting as to the specifics of this project and determining the manner in which the roofs should be repaired. Irrespective of whether these claims may fail for other reasons, they are separate and distinct from the breach of warranty claim. Because the only ground raised by Defendant in its Motion to Dismiss is that the negligence claims are precluded by the North Carolina Uniform Commercial Code and the Products Liability Act, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 8].

    **B.**    **The Complaint Fails to State a Claim for Fraud**

The elements of fraud under North Carolina law are: (1) the false representation or concealment of a material fact; (2) that is reasonably calculated to

deceive; (3) is made with the intent to deceive; (4) does in fact deceive the plaintiff; and (5) damages that result from the false representation or concealment. Anderson v. Sara Lee Corp., 508 F.3d 181, 189 (4th Cir. 2007) (applying North Carolina law). In addition, a plaintiff must reasonably rely on the false representations. Id. Thus, in order to state a claim for fraud in federal court, a plaintiff must allege factual allegations supporting each of these elements. See Consumeraffairs.com, 591 F.3d at 256. In addition, a plaintiff must allege the circumstances constituting the fraud with particularity. Fed. R. Civ. P. 9(b).

Here, the Complaint fails to satisfy these pleading requirements. The only specific statement set forth in the Complaint is the alleged statement by Mr. Frye that if the roofing system installed by Superior Contracting failed, that Defendant would "make it good." (Id. ¶¶ 19, 54.) The Complaint, however, contains no factual allegations that this statement was reasonably calculated to deceive Plaintiffs, that it was offered with the intent to deceive, or how it deceived Plaintiffs. Also fatal to Plaintiffs fraud claim is the fact that the Complaint fails to allege any facts that this claim was false. The Complaint is devoid of any factual allegation that Plaintiffs requested that Defendant make the roof "good" or repair it after the leaks started, much less that Defendant failed to do so. The conclusory allegations contained in the Complaint (see e.g. Pls.' Compl. ¶¶ 54-56) are

insufficient to state a claim for fraud under Rule 12(b)(6). See Consumeraffairs.com, 591 F.3d at 255; Giacomelli, 588 F.3d at 189. Moreover, the circumstances constituting the fraud are not pled with the required specificity as the Complaint fails to even allege to whom this statement was made and when it was made. See generally Fed. R. Civ. P. 9(b). In fact, the Complaint only alleges that "Plaintiffs are informed and believe" that Mr. Frye made this statement. (Pl.'s Compl. ¶ 19.) Such allegations are insufficient to state a fraud claim in federal court.

Although the Complaint contains various other general allegations of written and oral representations by Mr. Frye or Defendant, the Complaint fails to set forth factual allegations supporting each element of a fraud claim as to these representations and fails to plead the circumstances of the alleged fraud with any particularity. For example, the Complaint contains an allegation that Plaintiffs relied on the written promotional materials of Defendant and the "direct advice of Mr. Frye" in deciding to purchase the roofing system from Defendant. (Pls.' Compl. ¶ 12.) Plaintiffs, however, fail to offer any factual allegations that these representations were false or that they were offered with the intent to deceive Plaintiffs. Moreover, none of these general allegations are plead with the specificity required by Rule 9(b). Put simply, none of the conclusory and general

allegations contained in the Complaint are sufficient to state a fraud claim in federal court against Defendant. The Court, therefore, **RECOMMENDS** that the District Court **GRANT in part** the Motion to Dismiss [# 8] and **DISMISS** the fraud claims asserted against Defendant Soprema. Inc. in Count Six.

## IV. Conclusion

The Court **RECOMMENDS** that the District **GRANT in part** and **DENY in part** the Motion to Dismiss [# 8]. The Court **RECOMMENDS** that the District Court **GRANT** the motion as to Count Six and **DENY** the motion as to Count Five. The Court **RECOMMENDS** that the District Court **DISMISS** the fraud claims asserted against Defendant Soprema, Inc. in Count Six.

Signed: March 26, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).