THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00318-MR-DLH

| | |
|---|---|
| DAVID WATKINS and ) <br> MAUREEN WATKINS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> SOPREMA, INC. and ) <br> ELASTIKOTE, LLC, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant Elastikote, LLC's Motion to Dismiss Count Six of Plaintiffs' Complaint [Doc. 42].

Previously in this matter, Defendant Soprema, Inc. ("Soprema") moved to dismiss Counts Five and Six of the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to plead with particularity as required under Federal Rule of Civil Procedure 9(b). [Doc. 8]. On March 27, 2013, the Magistrate Judge issued a Memorandum and Recommendation recommending that Soprema's Motion be granted as to

Count Six. [Doc. 41]. No objections were filed to this Memorandum and Recommendation. On April 19, 2013, the Court accepted the Magistrate Judge's Recommendation and dismissed the claim of fraud against Soprema as stated in Count Six of the Plaintiffs' Complaint. [Doc. 46].

Following the entry of the Memorandum and Recommendation, Defendant Elastikote, LLC ("Elastikote") filed its own motion seeking dismissal of the fraud claim asserted against it in Count Six of the Complaint on the same grounds asserted by Soprema. [Doc. 42]. The time for responding to this motion has passed, and the Plaintiffs have not filed any opposition to Elastikote's motion.

For the reasons stated in the Magistrate Judge's Memorandum and Recommendation, as previously accepted by this Court in its Order of April 19, 2013, the Court concludes that Elastikote's Motion to Dismiss Count Six of the Plaintiffs' Complaint also should be granted. As the Magistrate Judge correctly noted [Doc. 41 at 10-11], although the Complaint contains various other general allegations of written and oral representations by the Defendants' alleged agent, John Frye, the Complaint fails to set forth specific factual allegations to support each element of a fraud claim as to these representations and fails to plead the circumstances of the alleged fraud with any particularity. For example, while the Complaint contains an

allegation that Plaintiffs relied on the Defendants' written promotional materials and the "direct advice of Mr. Frye" in deciding to purchase the roofing system [Complaint, Doc. 1-1 at ¶12], the Plaintiffs fail to offer any factual allegations that these representations were false or that they were offered with the intent to deceive the Plaintiffs. Moreover, none of these general allegations are pled with the specificity required by Rule 9(b).

In short, these conclusory and general allegations were not sufficient to state a fraud claim against Soprema, and they are equally insufficient as to Elastikote. Accordingly, the fraud claim asserted against Elastikote in Count Six of the Complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Defendant Elastikote, LLC's Motion to Dismiss Count Six of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 42] is **GRANTED**, and the Plaintiffs' claim of fraud against Elastikote as stated in Count Six of the Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.** Signed: April 25, 2013

Martin Reidinger
United States District Judge